## THE GREGG COMPANY, LIMITED,

*v.*

## UTUADO SUGAR COMPANY.

---

San Juan, Equity, No. 898.

ON EXCEPTIONS OF THE RECEIVER TO REPORT OF THE STANDING MASTER.

Receiver—Exceptions.

    1. A receiver may file objections to claims which he deems improper, and, if these are disallowed, may except to the master's report before the court.

Lien—Refaccion.

    2. An unmade article cannot be mortgaged except when this is allowed by legislation. A contract may have the law of refaccion read into it without using the word "refaccion."

Refaccion—Postponement.

    3. If the court through its receiver takes charge of property subject to a refaccion contract, and uses it for receivership purposes, this is not an abolition, but a postponement, of refaccion or equivalent rights.

Receiver—Presumption.

    4. In a case where the action of a receiver or his counsel cannot be equally explained by devotion to his duties, or by some personal interest of his own, the court will presume in favor of the receiver.

Opinion filed February 13, 1914.

The Gregg Co. v. Utuado Sugar Co.

*Mr. Chas. Hartzell* for Carlos Armstrong y Hijo.

*Mr. Francis H. Dexter* for receiver.

HAMILTON, Judge, delivered the following opinion:

I am glad to have the matter presented fully, as it has been; and it might be well for me to indicate the way the matter presents itself to me at present. I would be glad to have you gentlemen furnish some authorities within the next five days, one way or the other. So that you will know what to meet, or to what lines to direct the authorities, let me say it occurs to me as follows:

1. In the first place, as to whether a receiver can "except to a master's report. This is an important matter of practice, and I would like at this time in this case to settle it once for all, and if you can furnish me authorities one way or the other I would be glad. I can say this, that my impression off hand, or rather going back to considerable experience in the matter, is that the law of receiverships is a growing one, and that what was true twenty-five years ago, for instance, is not necessarily true now, and that the trend of recent authorities is certainly that the receiver may file objections to claims. That in a general way he represents all the creditors, and if he thinks a claim is unjust, it is his right—I would not go so far as to say it is his duty, although that may be true also—to file objections to unjust claims. Many of the creditors are at a distance, and some are small, and the receiver is on the ground and in general charge. This applies to objections to claims; of course, to claims at a reference as well as any other. As to whether he

can appeal from the decision of the master, it might not be quite so clear. My own impression is that he can. That is to say, that the master's hearings, while illuminating and to a very large extent controlling, are not absolute until confirmed by the court, and that up to the time of confirmation, that is, to the hearing by the court, if the receiver can object before the master, it would look on principle as if he ought to take those objections up before the court itself. That is to say, that he probably could except to the master's report. At the same time I say, and I would like to make it clear, that this is simply an off-hand impression, not conclusive on the part of the court at all, and I would be very glad indeed if you can furnish authorities in the matter one way or the other. I want to get the practice in this court entirely in line with other courts. If I found nothing one way or the other, I would follow what I would consider to be the proper practice.

2. Now turning to the contract itself, the master has reported this as a refaccion contract, and the argument has not made it clear to me so far that the master is wrong. As to this I would be very glad to have some local decisions that would throw some light on the question. It is not necessary in any contract to set out the law or to refer to the law. The law reads itself into the contract. It is a part of the contract, and it would appear to me that that principle would apply to this contract for this reason,—if it is not a refaccion contract, it would seem to be nothing. It may be a bill of sale, as was argued on one side, but the terms of it would rather indicate that it is not a bill of sale; and if it is a lien of any kind it must be one that is authorized by law. Now under no jurisprudence that I know of can one contract as to something that is yet to be made,

The Gregg Co. v. Utuado Sugar Co.

that is, can mortgage it. The exception is made in cotton states, for instance, as to a crop of cotton, and here as to sugar cane, has to be provided by special legislation, by what is called here the refaccion law. If this, therefore, is not a refaccion contract, unless I could have more light given me than I have so far, I would not know what to call it, and would have to consider it as nothing, no legal contract at all. That, of course, on the past history of this case, could not be permitted. The court has recognized it as being a lien of some sort, and so it would be my impression that the master's report ought to be confirmed.

3. Apart from that, it would seem to me to be equity that, whether it be a refaccion or not, if it was an existing right, and this court has taken charge of the property and used this crop in some other way,—no doubt a very proper way, but still for the purposes of the receivership,—that equity would require, not that Armstrong be told he has now no remedy, but that there would be simply a postponement of the remedy, a postponement, however, that would be subject to all the purposes and the proper expenses of the operation of the receivership. It would not mean that the court would turn the property over to him next year, but, so long as the receivership exists, the expenses of the receiver must come first, and, with the co-ordination of claims which is being made or will be made in this and every other receivership, Armstrong would be given a proper lien and priority. As to what that would be as between different claims, I of course could not indicate now. I say this, gentlemen, not as being a decision, because I do not make it so at all, but so that you may see what is in the mind of the court, and I would be glad if you would throw further light

upon the subject, and in the course of a week I will render a decision.

4. Let me say one thing further. There has been somewhat of a personal tone in the discussion, which I do not criticize at all because it may be perfectly proper, but it would be only right to say that in a case where the receiver on the one side may be supposed, or the receiver's counsel may be supposed, to have some interest growing out of his relations to other parties having interests, and on the other side where his action can be perfectly explained by the proper interest that the receiver and counsel have in the administration of the property, the court is not going to make any assumption whatever against the receiver or against his attorney. It will assume, and it does assume in this case and all others, that the receiver and his attorney are acting within the line of their duty, or what they conceive to be the line of their duty, unless the matter is definitely presented to the court otherwise, as by a petition or some other direct application. In other words, the court will not collaterally presume against either the receiver or his counsel. I think that is the proper position to take.